IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RANDOLPH M. DIAZ,

      Plaintiff,                      No. 2:10-cv-1388 MCE KJN P

   vs.

M. MARTEL, et al.,

      Defendants.               ORDER

_____/

        Plaintiff is a state prisoner at Mule Creek State Prison ("MCSP"), proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to

make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551

U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff alleges that he was injured while a passenger in a correctional van traveling to an outside medical facility.  Plaintiff states that the van he was being transported in was driven by correctional officer Wheeler, with correctional officer Islas as a passenger, and that this van was rear-ended by a second correctional van, driven by correctional officers Ram and Reyes.  Plaintiff alleges that, as a result of the accident, he sustained injuries to his neck, back, and shoulder, and continues to experience pain, headaches and dizziness, but that he has been denied adequate medical treatment, allegedly in an effort by correctional staff to conceal the accident.  Plaintiff seeks proper medical treatment and damages.

Plaintiff names the following defendants:  M . Martel, MCSP Warden, because he "is responsible for his prison Employee's (sic);" S. Heatly, MCSP Chief Medical Officer, because he "is responsible for my medical needs;" and Correctional Officers Wheeler and Ram, because they are "responsible for my safety at all times." (Dkt. No. 1 at 3.)  Plaintiff alleges that each of these defendants "were all responsible for transporting Plaintiff safely to and from outside medical facilities."  (Id.)

The exhibits attached to the complaint demonstrate that plaintiff's relevant administrative grievance, exhausted through the Third Level Review, was premised on plaintiff's allegations that he has been denied adequate medical care for his back and neck, including denial of adequate pain management and physical therapy.  There is no indication that plaintiff has pursued a tort claim against the California Department of Corrections and Rehabilitation.  The stated facts concerning the precipitating accident do not allege recklessness, and thus do not independently give rise to a potentially cognizable Eighth Amendment claim of deliberate indifference to plaintiff's health or safety.  Cf. e.g. Farmer v. Brennan, 511 U.S. 825, 835 (1994)

(deliberate indifference to a prisoner's health or safety requires more than negligence).

The court therefore construes plaintiff's complaint as limited to a potentially cognizable Eighth Amendment claim that plaintiff has been denied adequate medical care. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (Eighth Amendment claim for deliberate indifference to serious medical needs manifested by intentional delay or denial of treatment, or indifferent medical response). However, plaintiff has failed adequately to make this claim against any of the named defendants.

Plaintiff does not assert that either correctional officer had a role in delaying or denying plaintiff's medical care. Section 1983 requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff has failed to state a potentially cognizable claim against either named correctional officer.

Nor does plaintiff state a potentially cognizable claim against the Warden simply because he "is responsible for his prison Employee's (sic)." (Dkt. No. 1 at 3.) "Under Section 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability. A supervisor may be liable [only] if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Hansen v. Black, 885 F.2d 642, 645-46 (9th Cir. 1989) (citations omitted). Plaintiff has not alleged that the Warden directly or indirectly caused the alleged delay or denial of plaintiff's medical care, only that he was the principal supervisor at MCSP.

Nor does the court find that plaintiff has stated a potentially cognizable claim

against the Chief Medical Officer, on the basis that he "is responsible for [plaintiff's] medical needs." (Dkt. No. 1 at 3.)  Not only has plaintiff failed to meet the general requirements for alleging liability against a supervisory official, noted supra, but the court's review of plaintiff's exhibits fails to reveal any allegation against S. Heatly.  Rather, it appears that plaintiff's allegations may more properly rest on the medical decisions of his primary care physician, Dr. W. Hashimoto, or other individuals with a direct role in the provision of plaintiff's health care, or access thereto.

The court finds, therefore, that while plaintiff appears generally to state a potentially cognizable Eighth Amendment claim for allegedly inadequate medical care, he has not adequately pled this claim against any of the currently named defendants.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redevelpment Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which a defendant has engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the pleading requirements of Federal Rule of Civil Procedure 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, supra, 423 U.S. at 371.  The complaint must allege in specific terms how each named defendant is involved.  Id.  There can be no liability under Section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, supra, 588 F.2d at 743.  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is informed that the court cannot refer to a prior pleading in order to

make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  Plaintiff may, however, request that the attachments to his original complaint be transferred as attachments to his amended complaint.

Finally, plaintiff seeks appointment of counsel.  (Dkt. No. 1 at 4.)  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States District Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances at this time.  Therefore, plaintiff's request for the appointment of counsel is denied without prejudice.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

6

        a.  The completed Notice of Amendment; and

        b.  An original and one copy of the Amended Complaint.  Plaintiff's Amended Complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

       5.  Plaintiff's request for appointment of counsel is denied without prejudice.

DATED:  June 7, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

diaz1388.14.new.kjn

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RANDOLPH M. DIAZ,

        Plaintiff,                    No. 2:10-cv-1388 MCE KJN P

    vs.

M. MARTEL, et al.,

                                    NOTICE OF AMENDMENT

        Defendants.

_____/

        Plaintiff hereby submits the following document in compliance with the court's order filed _____:

        _____                  Amended Complaint

_____                _____

Date                                                   Plaintiff