1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RANDOLPH M. DIAZ,

11          Plaintiff,                    No. 2:10-cv-1388 MCE KJN P

12      vs.

13   M. MARTEL, et al.,                   ORDER and

14          Defendants.                   FINDINGS AND RECOMMENDATIONS

15   _____/

16          Plaintiff is a state prisoner, proceeding without counsel and in forma pauperis, in

17   this action brought pursuant to 42 U.S.C. § 1983.  Following the court's dismissal of plaintiff's

18   original complaint, with leave to amend, plaintiff has filed an amended complaint.

19          The court has reviewed plaintiff's amended complaint and, for the limited

20   purposes of Section 1915A screening, finds that it may state potentially cognizable claims, based

21   on a theory of deliberate indifference to plaintiff's medical needs, against defendant physicians

22   Hashimoto and Smith.  See 28 U.S.C. § 1915A.  However, for the reasons stated below, the court

23   finds that the complaint does not state potentially cognizable claims against defendants Ram or

24   Martel.

25          Plaintiff alleges that, on October 2, 2008, he was injured while a passenger in a

26   correctional van en route to an outside medical facility.  Plaintiff states that the van he was riding

in was rear-ended by a second correctional van, driven by correctional officer Ram.  Plaintiff
alleges that, as a result of the accident, he sustained injuries to his neck, back, and shoulder, and
continues to experience pain, headaches and dizziness, but that he has been denied adequate
medical treatment, perhaps because correctional staff are attempting to conceal the accident.
Plaintiff seeks proper medical treatment and damages.

Plaintiff names two medical defendants:  (1) Dr. W. Hashimoto, one of plaintiff's
treating physicians, and the physician who interviewed plaintiff pursuant to the First Level
Review of plaintiff's pertinent (and exhausted) administrative grievance;  and (2) Dr. Christopher
Smith, who signed the denial of a request for medical authorization that plaintiff obtain an MRI
of his right shoulder.  Based on a liberal construction of the amended complaint and supporting
exhibits, plaintiff contends that these defendants were deliberately indifferent to plaintiff's
serious medical needs, in violation of the Eighth Amendment.  While the current allegations are
cursory, plaintiff will be permitted to further develop his case against these defendants, should
this action survive a motion to dismiss.

In contrast, plaintiff's allegations against defendant Ram fail to state a potentially
cognizable claim.  Plaintiff states only that correctional officer Ram was "responsible for my
safety," but "was negligent and reckless by not paying attention of (sic) his driving duties."  (Dkt.
No. 14 at 3.)  To pursue this state law claim, an alleged tort, pursuant to this court's supplemental
jurisdiction, plaintiff was required to timely file a claim under the California Tort Claims Act.
Timely presentation of a written tort claim against a public entity or its employees, and action on
or rejection of the claim, are conditions precedent to suit.  State v. Superior Court of Kings
County, 32 Cal. 4th 1234, 1244-45 (2004).  Plaintiff does not allege compliance with the state's
requirements for filing a tort claim, and such compliance is not demonstrated by plaintiff's
exhibits.  Because the court previously informed plaintiff of these deficiencies (see n.1, infra),
defendant Ram should be dismissed from this action without further leave to amend.

The last named defendant is A. Martel, former Warden of Mule Creek State

Prison.  Plaintiff alleges only that Martel "is responsible fo his prison Employee's" (sic).  (Dkt. No. 1 at 3.)  However, as the court previously informed plaintiff,[1] supervisory liability may be imposed only when the supervisor participated in or directed the alleged constitutional violations, or knew of the violations of subordinates and failed to act to prevent them."  Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009).  Plaintiff makes no such allegations against Martel, or the current warden of Mule Creek State Prison.  Thus, defendant Martel should also be dismissed from this action without further leave to amend.

For these reasons, the court finds that the amended complaint appears to state potentially cognizable claims against defendants Hashimoto and Smith; however, defendants

---

[1]  In reviewing plaintiff's original complaint, and granting plaintiff leave to file an amended complaint, the court informed plaintiff (Dkt. No. 10 at 3-4):

> The exhibits attached to the complaint demonstrate that plaintiff's relevant administrative grievance, exhausted through the Third Level Review, was premised on plaintiff's allegations that he has been denied adequate medical care for his back and neck, including denial of adequate pain management and physical therapy.  There is no indication that plaintiff has pursued a tort claim against the California Department of Corrections and Rehabilitation. . . .

> The court therefore construes plaintiff's complaint as limited to a potentially cognizable Eighth Amendment claim that plaintiff has been denied adequate medical care.  See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (Eighth Amendment claim for deliberate indifference to serious medical needs manifested by intentional delay or denial of treatment, or indifferent medical response). . . .

> Nor does plaintiff state a potentially cognizable claim against the Warden simply because he "is responsible for his prison Employee's (sic)." (Dkt. No. 1 at 3.)  "Under Section 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability.  A supervisor may be liable [only] if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."  Hansen v. Black, 885 F.2d 642, 645-46 (9th Cir. 1989) (citations omitted).  Plaintiff has not alleged that the Warden directly or indirectly caused the alleged delay or denial of plaintiff's medical care, only that he was the principal supervisor at MCSP.

1    Ram and Martel should be dismissed from this action without prejudice.

2         For the foregoing reasons, IT IS HEREBY ORDERED that:

3         1.   Plaintiff's current motion to proceed in forma pauperis (Dkt. No. 15), is denied

4    as duplicative; plaintiff proceeds in forma pauperis pursuant to his application filed June 23,

5    2010 (Dkt. No. 8).

6         2.   Service of process is appropriate for defendants Hashimoto and Smith.

7         3.   The Clerk of the Court is directed to send plaintiff two (2) USM-285 forms,

8    one summons, an instruction sheet, and a copy of the amended complaint filed July 14, 2011

9    (Dkt. No. 14).

10        4.   Within thirty days after service of this order, plaintiff shall complete the

11   attached Notice of Submission of Documents, and submit the following documents to the court:

12             a.   The completed Notice of Submission of Documents;

13             b.   One completed summons;

14             c.   One completed USM-285 form for each defendant; and

15             d.   Three copies of the endorsed amended complaint filed July 14, 2011

16                 (Dkt. No. 14).

17        5.   Plaintiff need not attempt service on defendants and need not request waiver of

18   service.  Upon receipt of the above-described documents, the court will direct the United States

19   Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4,

20   without payment of costs.

21        In addition, IT IS HEREBY RECOMMENDED that:

22        1.   Defendants Ram and Martel be dismissed from this action, without prejudice .

23        These findings and recommendations are submitted to the United States District

24   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

25   after being served with these findings and recommendations, plaintiff may file written objections

26   with the court.  The document should be captioned "Objections to Magistrate Judge's Findings

4

1   and Recommendations."  Plaintiff is advised that failure to file objections within the specified

2   time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153

3   (9th Cir. 1991).

4   DATED:  January 6, 2012

5

6                                                _____

7                                                KENDALL J. NEWMAN
                                                 UNITED STATES MAGISTRATE JUDGE

8   diaz1388.ord.1.ac

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RANDOLPH M. DIAZ,

11            Plaintiff,                    No. 2:10-cv-1388 MCE KJN P

12      vs.

13   M. MARTEL, et al.,                    NOTICE OF SUBMISSION

14            Defendants.                   OF DOCUMENTS

15   _____/

16            Plaintiff hereby submits the following documents in compliance with the court's

17   order filed _____:

18

19            ___1___      completed summons form

20            ___2___      completed USM-285 forms

21            ___3___      copies of the endorsed Amended Complaint (Dkt. No. 14)

22

23

24   _____      _____

25   Date                              Plaintiff

26