IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RANDOLPH DIAZ,

       Plaintiff,                      No.  2:10-cv-1388 MCE KJN P

    vs.

M. MARTEL, et al.,

       Defendants.            ORDER

                                /

          Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  Plaintiff requests that the court appoint counsel.  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.

1

Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

In the present case, pursuant to defendants' motion to dismiss, the court has narrowed this action to one Eighth Amendment claim, for deliberate indifference to serious medical needs, against sole remaining defendant Hashimoto.  All other defendants and claims have been dismissed.  (See Dkt. Nos. 30, 31.)  A Discovery and Scheduling Order was issued on February 25, 2013; discovery closes on June 7, 2013.  (Dkt. No. 33.)  Plaintiff states that he requires appointment of counsel because he is unable to afford an attorney; the issues in this case are becoming complex; and plaintiff has limited access to the law library, and limited knowledge of the law.  The court finds that plaintiff has failed to demonstrate "exceptional circumstances," beyond that faced by all prisoner-plaintiffs, to warrant appointment of counsel at this time.  To date, plaintiff has been able to articulate his claims and arguments despite the complexity of the legal issues presented.  Moreover, for the reasons stated in the undersigned's findings and recommendations, plaintiff has not yet demonstrated a likelihood of success on the merits of his remaining claim.

Therefore, having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (Docket No. 34) is denied without prejudice.

DATED:  May 13, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

diaz1388.31